IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01028-GPG

JOHNN A. VIDMAR JR.,

    Plaintiff,

v.

LT. FLOREZ, Corrections Corporation of America at Crowley Corrections Facility,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff John A. Vidmar, Jr., is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Plaintiff initiated this action on May 13, 2015, by filing a Letter and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Gordon P. Gallagher reviewed the documents, determined they were deficient, and directed Plaintiff to file his claims on a proper Court-approved form and to submit a proper associated Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff complied on June 24, 2015, and Magistrate Judge Gallagher granted him leave to proceed pursuant to § 1915 on June 25, 2015.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate.

*See id.*

Because Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i) the Court must dismiss the action or any claims if the claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.*

For the reasons stated below, the Complaint and action will be dismissed in part as legally frivolous. Otherwise, the Complaint will be dismissed without prejudice as barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1983. In Claim One, Plaintiff alleges that on October 12, 2014, he refused to follow an order to be locked down in his cell and was written up for disobeying an order. Plaintiff further alleges in Claim Two that, while he was moved to segregation for disobeying an order, his property was left unsecured in a unit hallway, and as a result his television and commissary items were stolen. Plaintiff also alleges that he received an extra twenty days on his sentence for the disciplinary action, which caused his release date to be moved from December 9, 2014, to December 29, 2014. Plaintiff seeks money damages. He also contends that "all actions were taken to resolve this issue raised before [he] was released from Crowley with no results" and "after filing all forms to resolve nothing even was re-emburst [sic]." Compl., ECF No. 6, at 4 and 6.

The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under

color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Plaintiff titles Claim One as "Unprofessional Conduct and Negligence." A review of the supporting facts in Claim One demonstrate that Plaintiff is pleading negligent behavior on Defendant Florez's part. His claims, therefore, fall short of a due process claim and may not be asserted pursuant to 42 U.S.C. § 1983. But even if Plaintiff could plead the loss of property was the loss of intentional behavior, he fails to claim that he was denied an adequate post deprivation remedy.

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"). Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to

the filing of grievances, but include filing complaints in state court.") (internal citations omitted).

Plaintiff does not assert that the Crowley Correctional Facility's grievance procedure was unresponsive or inadequate with respect to the loss of his property. He in fact claims that he filled out all forms and took all actions to resolve the issue, but he was not reimbursed. Simply because his grievance procedure or appeal was not decided in his favor does not equate to an unresponsive or inadequate remedy. Plaintiff's property claim, therefore, fails to assert a meritorious claim and will be dismissed as legally frivolous.

To the extent Plaintiff is challenging his placement in segregation, "a liberty interest exists only when . . . an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether (1) the conditions relate to and further a legitimate penological interest; (2) the conditions are extreme; (3) the conditions increase the duration of confinement; and (4) the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Nothing Plaintiff asserts demonstrates that his twenty-day placement in punitive segregation was extreme; nor is the twenty-days indeterminate. The Tenth Circuit has found that placement in punitive segregation or on restricted privileges for a time period longer than Plaintiff 's sanction did not constitute an atypical and significant hardship. *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an

atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest). The twenty-day, punitive segregation sanction entered against Plaintiff did not violate his liberty interest. This claim, therefore, will be dismissed as legally frivolous.

Plaintiff also may not recover damages for the twenty-day extension of his sentence because the claim challenges the validity and execution of his disciplinary conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

The rule in *Heck* also applies to claims seeking to invalidate the results of administrative proceedings and to parole proceedings. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).

Plaintiff does not allege, and nothing in the Court's file indicates, that he has invalidated his disciplinary conviction. In fact, it is apparent Plaintiff has not invalidated his disciplinary conviction because he states that he challenged the issues, which he raises in this action, prior to being released from Crowley, but he received "no results." ECF No. 6 at 6. Therefore, the claims for damages are barred by *Heck* and will be

dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed in part as legally frivolous (with respect to the property and segregation claims) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice in part (with respect to the extension of sentence claim) as barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of   June  , 2015

                                                  BY THE COURT:

                                                  s/Lewis T. Babcock
                                                  LEWIS T. BABCOCK, Senior Judge
                                                  United States District Court